# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROBERT L. CIRILLO**                                                                              **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 4:11-CV-00024-SA-JMV**

**CENTRAL MISSISSIPPI**
**RADIOLOGY, LLC, ET AL.**                                                       **DEFENDANTS**

## ORDER

Before the court are Plaintiff's motion [34] for an extension of time to file an answer to Defendants' counterclaims and Defendant's motion for the clerk's entry of default [33] against Plaintiff for failure to answer or otherwise respond to their counterclaims. The court has thoroughly considered the submissions of the parties, the record of this case, and the applicable law and is of the opinion that Plaintiff's motion for an extension of time in which to answer Defendants' counterclaims should be granted, and Defendants' request for a decree of default should be denied.

While Plaintiff's request for an extension comes some twenty one months after the deadline for responding to Defendants' counterclaims– which were filed together with their answer and a motion to dismiss [9, 10]– the court does not find there was willful conduct or bad faith on the part of Plaintiff. The court finds that the procedural history of this case is pertinent to the determination herein.

Defendants filed their answer and counterclaims simultaneously with a motion to dismiss the complaint on May 11, 2011. By Order [13] dated June 14, 2011, the court stayed all proceedings in this case pending a ruling on Defendants' motion to dismiss. By Order [25] dated January 9, 2013, the court denied Defendants' motion to dismiss, and the stay was lifted on January 10, 2013. Defendants filed their motion for a clerk's entry of default on February 21, 2013, and Plaintiff requested an extension of time to respond to the counterclaims the same day.

Then, on February 25, 2013, though no permission had been granted by the court, Plaintiff filed his proposed answer [35] to Defendants' counterclaims.

In support of his request for an extension, Plaintiff states that "through some unknown error" he did not timely respond to Defendants' counterclaims and that his counsel did not discover the error until February 20, 2013. In opposition, Defendants argue that the amount of time that has passed is evidence of willful delay and "establishes prejudice simply by virtue of the amount of time that has passed." While the court acknowledges that the delay in this case was extended, the court finds there is no proof that it was willful or that Defendants have been prejudiced. First, Defendants have presented the court with no case law or other authority in support of their arguments. Most importantly, however, Defendants' argument that they have been prejudiced by the delay is a bit disingenuous considering that this case was in a stay posture for over a year and a Case Management Order [31] was only recently entered on February 20. Finally, the court is compelled to point out that its entry of an order staying all proceedings except those related to Defendants' motion to dismiss might reasonably have caused Plaintiff to overlook his obligation to respond to Defendants' counterclaims. Accordingly, the court notes that it has broad discretion concerning this issue and that the circumstances of this case support a finding of excusable neglect under FED.R.CIV.P. 6(b)(1)(B). Therefore, Plaintiff's motion for an extension of time in which to respond to Defendants' counterclaims is GRANTED, and Plaintiff's answer [35] is hereby accepted and deemed timely filed. Defendants' motion for the clerk's entry of default is deemed moot.

**THIS,** 8th day of March, 2013.

/s/ Jane M. Virden
**U. S. MAGISTRATE JUDGE**