**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBERT L. CIRILLO**                                                                                     **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 4:11CV024-JMV**

**CENTRAL MISSISSIPPI RADIOLOGY, LLC;
MICHAEL KO, M.D.; AND SUNDER H.
JAGWANI, M.D.**                                                                                             **DEFENDANTS**

**ORDER ON MOTION TO DISMISS INDIVIDUAL
DEFENDANTS AND CERTAIN CLAIMS**

This matter is before the court on Defendants' Motion to Dismiss [27] all claims against Michael Ko, M.D., and Sunder H. Jagwani, M.D., as well as any claims for conspiracy or punitive damages, for the failure to state any claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

In support of the motion, Defendants assert:

- All claims against Dr. Ko and Dr. Jagwani fail for the failure to plead plausible facts to state a claim for piercing the corporate veil.

- All claims for conspiracy fail because a corporation cannot conspire with its member/managers.

- All claims for interference with contractual relations fail because parties to a contract and their agents cannot interfere with those contractual/business relations.

- All claims for punitive damages fail for the failure to plead plausible facts that state such a claim.

The court notes that Plaintiff did not respond to the motion– despite the fact that at least two extensions have been requested and granted to afford Plaintiff an opportunity to do so. For the reasons discussed in Defendants' motion to dismiss, which the court hereafter incorporates with few exceptions, the court finds that the motion is well taken and should be granted.

A.     **Rule 12(b)(6) Standard**

To overcome a Rule 12(b)(6) motion, Plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *Darby v. Southern Care, Inc.*, 2010 W.L. 4168671 (N.D. Miss. 2010) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Pleadings are demanded which are more than unadorned, "the-defendant-unlawfully-harmed-me accusation[s]" *Id.* citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be enough to raise a plaintiff's right to relief above a speculative level. *Id.* citing *Twombly* at 555. To be "facially plausible" the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* citing *Iqbal* at 679. If the plaintiff's facts pled only permit an inference of the mere possibility of misconduct, no right to relief is shown.

B.     **Plaintiff's Allegations**

The contract attached to Plaintiff's Complaint is between Robert Cirillo d/b/a North Florida Radiological Institute, P.C. and Central Mississippi Radiology, LLC ("CMR"), a Mississippi Limited Liability Company. The (unexecuted) copies of the contract which Dr. Cirillo sponsors show that both Dr. Ko and Dr. Jagwani executed the contract only in their capacities as managers of Central Mississippi Radiology, LLC.

Plaintiff's allegations against Drs. Ko and Jagwani are contained at paragraphs 34-37, paragraphs 39-40, and paragraph 42 of the Complaint [1]. In those portions of the Complaint, Dr. Cirillo merely alleges that "Defendants Ko and Jagwani have tortiously interfered with Plaintiff's contractual relationship with CMR"; "[s]uch actions constitute a claim of tortious interference with contractual and/or business relations"; "Plaintiff suffered significant damages and injury as a result"; and these actions "were so egregious as to warrant imposition of punitive damages." Without alleging a single factual act against Dr. Ko or Dr. Jagwani, Plaintiff contends that "[a]ll of the Defendants

conspired together to deny Plaintiff the sums owed to Plaintiff pursuant to the terms of the Agreement" and that they "knew it was likely that their conspiracy would result in both financial and emotional harm and hardship for the Plaintiff."

With regard to punitive damages, Plaintiff simply alleges entitlement to punitive damages as a result of "intentional acts" or "unlawful acts. . . [which] were committed maliciously and/or in reckless disregard . . . ." There is not a single allegation of any specific conduct against Dr. Ko or Dr. Jagwani.

    **C.**    **There Is No Claim for Individual Liability as a Matter of Law.**

Section 79-29-311(1) MISS. CODE ANN. (1972), *as amended*, provides that a member of an LLC cannot be personally liable by reason of being a member, acting as a manager, or acting as an officer of the limited liability company. A member, manger, or officer of a limited liability company is not a proper party to a proceeding by or against a limited liability company by reason of being a member, manager, or officer except for the object of the proceeding is to enforce that person's right against or liability to the limited liability company or in a derivative action. MISS. CODE ANN. § 79-29-311(2) (1972), *as amended.*

Piercing the corporate veil should be reserved for factual circumstances which are exceptional, or where to do otherwise would subvert the ends of justice. *Restaurant of Hattiesburg, LLC v. Hotel and Restaurant Supply, Inc.*, 84 So. 3d 32, 39 (Miss. App. 2012). "Mississippi has a strong public policy favoring maintaining corporate entities and avoiding attempts to pierce the corporate veil, and . . . this policy extends to maintaining [limited liability companies] as well." *Id.* To pierce a corporate veil, in either contract or tort claims, there must be some abuse of the corporate form itself. *Id.* at 43.

In the context of a contract, to justify personal liability, three elements must be shown: (1)

frustration of contractual expectations as to whom the complainant looked for a performance; (2) the flagrant disregard of corporate formalities of separate identities by the shareholder and the corporation; and (3) demonstration of fraud, gross negligence, recklessness or other legally similar misconduct. *See generally Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989); *Richardson v. Jenkins Builders, Inc.*, 737 So. 2d 1030, 1031 (Miss. App. 1999).

As to the elements, the court notes first that Plaintiff does not allege that he was ignorant of the identity of the party with whom he was contracting. As a result, he cannot establish the frustration of contractual expectations prong of the three part test as a matter of law. *Restaurant of Hattiesburg, LLC,* 84 So. 3d at 40. Second, there is no allegation of disregard of corporate formalities. And, finally, there is no factual allegation to demonstrate fraud or other equivalent malfeasance. Some bad action, other than dispute as to a contract, must be shown.

There is no allegation, plausible or otherwise, that either Dr. Ko or Dr. Jagwani committed fraud by trying to use the corporate form of business to shield themselves from personal liability, thereby frustrating the contractual expectation of Dr. Cirillo as to the entity with whom he was doing business. Plaintiff's allegations fail to state a claim against Dr. Ko and Dr. Jagwani as a matter of law and will be dismissed without prejudice.

   **D.**  **Plaintiff's Claims Fail to State a Claim for Conspiracy as a Matter of Law.**

There is a longstanding rule in the Fifth Circuit that a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). *See also Frye v. American General Finance, Inc.*, 307 F. Supp. 2d 836, 843-44 (S.D. Miss. 2004). Unless the individual defendant is shown to have acted outside of his employment capacity, the individual is incapable of conspiring with the corporate employer. *Frye*, 307 F. Supp. 2d at 844 citing *Cooper v. Drexel*

*Chemical Co.*, 949 F. Supp. 1275, 1285 (N.D. Miss. 1996).

A conspiracy exists when two or more persons agree to accomplish "an unlawful purpose or a lawful purpose unlawfully." *Perkins v. Wal-Mart Stores, Inc.,* 46 So. 3d 839, 846 (Miss. Ct. App. 2010).

In addition to the legal concept of civil conspiracy not being applicable to this case, Plaintiff's claims have failed to state a claim for conspiracy as a matter of law. Plaintiff has not alleged an unlawful purpose. Plaintiff has not alleged plausible facts which would tend to prove agreement. Plaintiff has not alleged how the undefined conspiracy comprised of undefined acts caused damages. As a result of this failure to state a claim, the conspiracy claims will be dismissed.

    **E.    Claims for Tortious Interference with Business And/or Contractual Relations Fail as a Matter of Law.**

A party to the contract cannot be charged with tortiously interfering with its performance. *Cenac v. Murray*, 609 So. 2d 1257 (Miss. 1992). In order for a cause of action for interference with contractual relations to lie, the wrongdoer must be a "stranger" to the contract which was interfered with. *See Liston v. Home Insurance Co.*, 659 F. Supp. 276, 280 (S.D. Miss. 1986). One occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person. *Grice v. FedEx Group Package System, Inc.*, 925 So. 2d 907, 910 (Miss. App. 2006). *See also Hammons v. Fleetwood Homes of Mississippi, Inc.*, 907 So. 2d 357, 361 (Miss. App. 2004); *Raiola v. Chevron*, 872 So. 2d 79 (Miss. App. 2004).

The four elements of tortious interference with employment are: (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs and their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right

or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damages and loss resulted. *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 976 (Miss. 2001). This tort focuses on the objective of the defendant, and plaintiff must demonstrate malice. *McClinton*, 792 So. 2d at 976; *Riley v. F.A. Richard & Associates, Inc.*, 16 So. 3d 708, 716 (Miss. Ct. App. 2009). Further, to succeed on his claim, plaintiff must prove that the contract would have been performed but for the alleged interference. *Perkins*, 46 So. 3d at 846.

Because Dr. Ko and Dr. Jagwani's only involvement at issue concern acts as managers of CMR, they are not strangers to the contract and cannot interfere with contractual relations. Further, Dr. Ko and Dr. Jagwani would be privileged to interfere as they had a legitimate interest or right as member managers of the contracting party, CMR. Also, Plaintiff does not allege any unlawful purpose or any act from which malice could be inferred. Finally, Plaintiff does not allege that the contract would have been performed but for the alleged interference.

Because no factual basis is identified for any claim of interference with contractual or business relations, all claims against Dr. Michael Ko and Dr. Sunder Jagwani are hereby DISMISSED. Further, all claims for conspiracy and for punitive damages are DISMISSED for the failure to state a claim. The dismissals are without prejudice.

SO ORDERED this 19th day of June, 2013.

/s/ Jane M. Virden
U. S. Magistrate Judge